# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CURTIS B. BOYZELLA, | : | |
| Petitioner, | : | |
| vs. | : | CA 21-0108-TFM-MU |
| STATE OF ALABAMA, | : | |
| Respondent. | | |

## **REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Petitioner's failure to prosecute this action and comply with the Court's order dated and entered March 19, 2021 (Doc. 3).

Curtis B. Boyzella filed a three-page handwritten document in this Court on February 26, 2021, which he referred to as a petition for writ of mandamus (Doc. 1, PageID. 1) and in which he directly addresses Mobile County Circuit Judge Ben Brooks (*see id.,* PageID. 2-3). This handwritten pleading was docketed by the Clerk's Office as a habeas corpus petition, pursuant to 28 U.S.C. § 2254, because Boyzella is clearly challenging the validity of a conviction out of the Circuit Court of Mobile County, Alabama, though he never specifically identifies the exact conviction he is challenging. (*See* Doc. 1).

The undersigned entered an Order on March 19, 2021, instructing Boyzella to file his petition on this Court's form for a § 2254 petition by not later than April 20, 2021,

and, as well, to pay the $5.00 filing fee for habeas petitions under § 2254 or file a motion to proceed without prepayment of fees by that same date. (Doc. 3, PageID. 6). This Order also touched on Boyzella's request for mandamus relief and his prominent reference to Judge Brooks. (*See id.,* PageID. 6-7).

> In reviewing the present petition, reference is made to Judge Brooks, and it is indicated that Petitioner's intention was that his petition would be before Judge Brooks. Judge Ben H. Brooks serves as a circuit judge for the state Circuit Court in Mobile County, Alabama. Judge Brooks may be contacted at Courtroom 8600, 205 Government Street, Mobile, Alabama 366[02]. Judge Brooks is not a judge with this Court, a United States District Court, which is a federal court.
>
> Petitioner also indicated that he was seeking a mandamus. "Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." *Bailey v. Silberman,* 226 F. App'x 922, 924 (11th Cir. 2007). Thus, mandamus relief is not available to Petitioner in this Court.

(*Id.*). Finally, Boyzella was informed that any failure "to comply with this order within the required time will result in the dismissal of this action." (*Id.*, PageID. 7). To date, however, this Court has not received the ordered form pleadings from Petitioner. (*See* Docket Sheet).

An action may be dismissed if a petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th

Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Petitioner has not responded to the Court's Order dated March 19, 2021, instructing him to file his habeas corpus petition on this Court's form for a petition under § 2254 and to pay the habeas corpus filing fee or file this Court's form for a motion to proceed without prepayment of fees. (*Compare* Docket Sheet *with* Doc. 3). Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Petitioner's habeas corpus action, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 7th day of May, 2021.

                      s/P. Bradley Murray
                     **UNITED STATES MAGISTRATE JUDGE**