# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS B. BOYZELLA,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:21-cv-108-TFM-MU |
| | ) |
| **STATE OF ALABAMA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

On May 7, 2021, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 4. On May 21, Petitioner filed objections though they do not address the issues raised by the recommendation. Regardless, the Court considered them in its review.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court

finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Since the filing of his petition on February 26, 2021, there was no additional action by the Plaintiff despite the order for him to pay the filing fee or a motion to proceed *in forma pauperis* and to file a proper habeas petition. Further, in both his original petition and in the subsequent objections, Petitioner repeatedly addresses Judge Brooks. As noted by the Magistrate Judge in his original order, Judge Brooks is not a judge with this federal court, but rather is a circuit court judge for Mobile County. His "objections" do not offer any reason for the delay in responding to the Court's order or why he could not have requested an extension if needed. Further, he still has not submitted the completed forms ordered by the Court or the $5.00 filing fee.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

Petitioner Boyzella is reminded that if he intends to file pleadings with Judge Brooks, he should send them to the appropriate court. The Clerk of Court is **DIRECTED** to send a copy of the order issued on March 19, 2021 (Doc. 3) along with this order which will include Judge Brooks' contact information.

**DONE** and **ORDERED** this 8th day of July, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE